**Anthony Lee JOHNSON, Sr., also known as Antonio Seenyur Plaintiff-Appellant**

v.

**Jennifer Lynne COOLIDGE, SOTP Program Director, Minnesota State Prison, Rush City, individually and in her official capacity Defendant-Appellee**

No. 16-3828

United States Court of Appeals, Eighth Circuit.

Submitted: June 29, 2017

Filed: July 5, 2017

Anthony Lee Johnson, Sr., Pro Se

Jonathan D. Moler, Assistant Attorney General, Attorney General's Office, Saint Paul, MN, for Defendant-Appellee

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

PER CURIAM.

In this pro se 42 U.S.C. § 1983 action, inmate Antonio Seenyur appeals after the district court[1] denied his motion to com-

---

rity, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

1. The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Becky R. Thorson, United States Magistrate Judge for the District of Minnesota.

pel, adversely granted summary judgment, and denied his motion to amend his complaint. We decline to review Seenyur's challenge to the denial of his motion to compel because he did not object below. See McDonald v. City of St. Paul, 679 F.3d 698, 709 (8th Cir. 2012) (where party did not file timely objections to magistrate's nondispositive order in district court, he could not challenge order on appeal). Having carefully reviewed the record and the parties' arguments on appeal, we conclude that summary judgment was properly granted for the reasons stated by the district court, and further conclude that the district court did not abuse its discretion in denying the motion to amend. See Beaulieu v. Ludeman, 690 F.3d 1017, 1024 (8th Cir. 2012) (grant of summary judgment is reviewed de novo, viewing record in light most favorable to nonmovant); see also Kozlov v. Associated Wholesale Grocers, Inc., 818 F.3d 380, 395 (8th Cir. 2016) (denial of motion to amend complaint is reviewed for abuse of discretion). Accordingly, we affirm. See 8th Cir. R. 47B.